UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

PARRIS DEZUSE,

                              Plaintiff,

                -against-

THE CITY OF NEW YORK; COMMISSIONER
MARTIN F. HORN; WARDEN JOHN DOE # 1;
SUPERVISOR C.O. JOHN DOE # 1; C.O. JOHN DION;
C.O. WALKER; AND C.O. MASSON; the individual
defendants sued individually and in their official
capacities,

                              Defendants.

------------------------------------------------------------------------x

**ANSWER**

**08CV4234 (DAB)(RLE)**

**JURY TRIAL DEMANDED**

**This document has been electronically filed.**

        Defendants THE CITY OF NEW YORK and COMMISSIONER MARTIN F. HORN,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the amended complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.    Deny the allegations set forth in paragraph 2 of the complaint, except admit that that plaintiff purports to base jurisdiction as stated therein.

        3.    Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiff purports to base supplemental jurisdiction as stated therein.

        4.    Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, defendants C.O. JOHN DION; C.O. WALKER; and C.O. MASSON have not been served with process as of this date.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the complaint.

6. Deny the allegations set forth in paragraph 7 of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

7. Deny the allegations set forth in paragraph 7 of the complaint, except admit that Martin F. Horn is the Commissioner of the New York City Department of Correction ("DOC").

8. Deny the allegations set forth in paragraph 8 of the complaint, inasmuch they concern unnamed persons.

9. Deny the allegations set forth in paragraph 9 of the complaint.

10. Deny the allegations set forth in paragraph 10 of the complaint.

11. Deny the allegations set forth in paragraph 11 of the complaint.

12. Deny the allegations set forth in paragraph 12of the complaint.

13. The allegations set forth in paragraph 13 of the complaint constitutes conclusions of law rather than averments of fact and therefore no response is required.

14. The allegations set forth in paragraph 14 of the complaint do no contain any averment of facts and therefore no response is required.

15. Deny the allegations set forth in paragraph 15 of the complaint.

16. Deny the allegations set forth in paragraph 16 of the complaint.

17. Deny the allegations set forth in paragraph 17 of the complaint.

18. Deny the allegations set forth in paragraph 18 of the complaint.

19. Deny the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. Deny the allegations set forth in paragraph 26 of the complaint.

27. Deny the allegations set forth in paragraph 27 of the complaint, except admit that plaintiff was an inmate at RNDC on April 13, 2007.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. Deny the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. Deny the allegations set forth in paragraph 34 of the complaint.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. Deny the allegations set forth in paragraph 42 of the complaint.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. Deny the allegations set forth in paragraph 44 of the complaint.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. Deny the allegations set forth in paragraph 47 of the complaint.

48. Deny the allegations set forth in paragraph 48 of the complaint.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. Deny the allegations set forth in paragraph 51 of the complaint.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. Deny the allegations set forth in paragraph 54 of the complaint.

55. Deny the allegations set forth in paragraph 55 of the complaint..

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. Deny the allegations set forth in paragraph 57 of the complaint.

58. In response to the allegations set forth in paragraph 58 of the complaint, respondents repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph 59 of the complaint.

60. Deny the allegations set forth in paragraph 60 of the complaint.

61. Deny the allegations set forth in paragraph 61 of the complaint.

62. Deny the allegations set forth in paragraph 62 of the complaint.

63. Deny the allegations set forth in paragraph 63 of the complaint.

64. In response to the allegations set forth in paragraph 64 of the complaint, respondents repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer, as if fully set forth herein.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. Deny the allegations set forth in paragraph 66 of the complaint.

67. Deny the allegations set forth in paragraph 67 of the complaint.

68. Deny the allegations set forth in paragraph 68 of the complaint.

69. Deny the allegations set forth in paragraph 69 of the complaint.

70. Deny the allegations set forth in paragraph 70 of the complaint.

71. In response to the allegations set forth in paragraph 71 of the complaint, respondents repeat and reallege the responses set forth in the preceding paragraphs inclusive of their answer, as if fully set forth herein.

72. Deny the allegations set forth in paragraph 72 of the complaint.

73. Deny the allegations set forth in paragraph 73 of the complaint.

74. Deny the allegations set forth in paragraph 74 of the complaint.

75. Deny the allegations set forth in paragraph 75 of the complaint.

76. Deny the allegations set forth in paragraph 76 of the complaint.

77. Deny the allegations set forth in paragraph 77 of the complaint.

78. Deny the allegations set forth in paragraph 78 of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

79. The complaint fails in whole or in part to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

80.     The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

81.     Any injury allegedly sustained by plaintiff resulted from his own culpable or negligent conduct, or that of third parties, and was not the proximate result of any act of the City or its officers.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

82.     Any injuries allegedly sustained by plaintiff are de minimis and do not rise to a level that violates the Constitution.

83.     **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

84.     Punitive damages are not available against the City of New York.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE**

85.     This action is barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

86.     To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

87.     Plaintiff has failed to comply with Municipal Law § 50 *et seq*.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

88. This action is barred in whole or in part by the applicable limitations period.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

89. Plaintiff has failed to comply with the Prison Reform Litigation Act.

**WHEREFORE**, defendants request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       August 19, 2008

>MICHAEL A. CARDOZO
>Corporation Counsel of the
>City of New York
>Attorney for Defendants THE CITY OF NEW YORK, COMMISSIONER RAYMOND KELLY, and COMMISSIONER MARTIN F. HORN
>100 Church Street, Room 3-159
>New York, New York 10007
>(212) 788-8698

By: _____
    Steve Stavridis

(By ECF)

TO: Michael O. Hueston Esq.
    350 Fifth Avenue, Suite 4810
    New York, New York  10118
    mhueston@msn.com
    (212) 643-2900